**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LUNA COLLISION LTD, | CIVIL DIVISION |
| *Plaintiff,* | CASE NO. |
| | **JURY TRIAL DEMANDED** |
| v. | |
| CITY OF DUQUESNE; POLICE CHIEF TOM SHAW, in his individual and official Capacities, DOUGLAS SAMPLE, in his Individual and official capacities, | |
| *Defendants.* | |

Plaintiff, by and through counsel, Monte J. Rabner, Esquire, Fred G. Rabner, Esquire, and Marley J. Nash, Esquire and Rabner Law Offices, P.C., files this Complaint in Civil Action and makes the following representation to this Court against the named Defendants as follows:

# INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the unconstitutional and discriminatory treatment of Plaintiff by the Defendants, who have arbitrarily and intentionally excluded Plaintiff from receiving municipal towing work, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

2. Plaintiff is similarly situated to other local towing businesses that receive dispatch calls from the City of Duquesne for towing services. Yet Plaintiff, who operates a long-established and qualified towing business located within the City itself and who pays taxes

to the City, has been repeatedly and systematically excluded from consideration for such work, despite two decades of formal and informal efforts to participate, without any rational basis, process, or explanation.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States.

4. Venue is proper in this District as the events giving rise to the claims occurred within the Western District of Pennsylvania.

## PARTIES

5. Plaintiff Luna Collision LTD., operated by Phillip Cupelli, is a licensed and insured collision repair and towing business located within the City of Duquesne, Allegheny County, Pennsylvania with an address at 316 Grant Avenue, Duquesne, Pennsylvania 15110. Plaintiff has operated continuously in Duquesne since approximately 2005 and pays taxes to the City.

6. Defendant City of Duquesne is a political subdivision of the Commonwealth of Pennsylvania and is responsible for establishing and implementing policies related to municipal towing services. At all relevant times, it acted through its officials, agents, and departments.

7. Defendant Tom Shaw is the Chief of Police for the City of Duquesne. Upon information and belief, he exercises discretion over the selection and referral of towing companies for municipal calls. He is sued in his individual and official capacities.

8. Defendant Douglas Sample is the City Manager for the City of Duquesne. Upon information and belief, he supervises department operations and may have ratified or failed

to intervene in the unconstitutional conduct described herein. He is sued in his individual and official capacities.

## FACTUAL BACKGROUND

9. Plaintiff has operated a towing and collision repair business in Duquesne for approximately twenty (20) years. The business is physically located within the City limits and has consistently served City residents and vehicle owners.

10. Plaintiff owns property within the City of Duquesne and pays local taxes. He employs local workers and is invested in the community both economically and civically.

11. The City of Duquesne maintains a towing referral practice through which local towing companies are called by the Duquesne Police Department to respond to accidents, disabled vehicles, and impound situations.

12. Since opening in 2005, Plaintiff has repeatedly and actively attempted to be included in this system. His efforts include:
    - Many oral requests to municipal officials;
    - Personal attendance at a City Council meeting (where he was rebuffed);
    - A formal application submitted with the assistance of legal counsel;
    - Outreach by counsel to the Duquesne Solicitor.

12. Despite these persistent efforts, Plaintiff has never been included on any rotation or referral list and has never received a towing dispatch from the City.

13. The City has never provided Plaintiff with any written explanation, criteria, or opportunity to challenge or appeal his exclusion.

14. Upon information and belief, the City has no formal, neutral policy governing the selection of municipal towing providers. Instead, towing referrals are made at the exclusive discretion of the Chief of Police and/or other city officials.

15. Plaintiff has been told that "the Chief decides who gets called," and that this discretion governs the City's towing practices. This delegation of unreviewable authority is arbitrary, lacks transparency, and is exercised without standards.

16. Upon information and belief, The City of Duquesne currently uses Leo's Service Center for most of its towing dispatches, a separate business also located in Duquesne. When that company is unavailable, it turns to two companies that are not even located within the City of Duquesne for its towing dispatch calls. These companies are Nickolich Towing and Mac's Auto Services.

17. Plaintiff is similarly situated to all three companies, offering the same services with comparable equipment, staffing, and qualifications, yet is categorically excluded.

18. The City has thereby established a pattern and practice of selecting the same businesses for municipal towing, to the complete exclusion of Plaintiff, despite his qualifications and repeated applications.

19. Plaintiff, through legal counsel, submitted a formal application to the City of Duquesne requesting a Certificate of Authorization as a licensed salvor. This license is necessary for certain towing and salvage operations.

20. Despite communication from Plaintiff's counsel, the City never approved, denied, or acted on the application, and provided no further communication.

21. This failure to respond to a formal, legally submitted application is consistent with the City's broader pattern of stonewalling Plaintiff's efforts to lawfully engage in municipal towing services.

22. Upon information and belief, other similarly situated towing companies have not been subjected to this level of neglect, delay, or silence.

23. This ignored application further evidences the City's intentional disparate treatment and underscores that Plaintiff is being irrationally singled out without justification or process.

24. Plaintiff has suffered lost revenue, business opportunities, and reputational damage in the community as a result.

## COUNT I – VIOLATION OF EQUAL PROTECTION CLAUSE (42 U.S.C. § 1983)

### (Class-of-One Theory under the Fourteenth Amendment)

26. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

27. The Equal Protection Clause of the Fourteenth Amendment prohibits state actors from intentionally treating individuals differently from others who are similarly situated without a rational basis for the disparate treatment.

28. Plaintiff proceeds under a "class-of-one" theory.

29. Plaintiff is similarly situated in all relevant respects to the other towing companies who are called by the City of Duquesne.

30. Despite being located within the City, fully qualified, and seeking inclusion for nearly two decades, Plaintiff has been completely excluded from the City's towing process and continues to be excluded.

31. No rational basis exists for the City's disparate treatment. The City's assertion that decisions are made solely at the Police Chief's discretion underscores the arbitrary and standardless nature of the exclusion.

32. Defendants' actions reflect a pattern and practice of municipal favoritism and discrimination against Plaintiff, without process, transparency, or lawful justification.

33. The City's refusal to include Plaintiff in its towing referrals, while consistently calling upon similarly situated or even less proximate businesses, constitutes an intentional, arbitrary, and unjustified disparity.

35. Defendants acted under color of state law and within the scope of their authority in implementing this unconstitutional conduct.

36. Defendant City of Duquesne is liable because the discriminatory exclusion of Plaintiff from municipal towing referrals was executed pursuant to a municipal policy, practice, or custom.

37. Specifically, Duquesne has established a pattern and practice of selecting the same limited group of towing companies for municipal calls while systematically excluding Plaintiff despite his qualifications.

38. As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic damages, reputational harm, and lost municipal business opportunities

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, and award the following relief:

a. A declaration that Defendants' conduct violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment;

b. Compensatory damages in an amount to be determined at trial;

c. Punitive damages against Defendants in their individual capacity;

d. Injunctive relief requiring the City of Duquesne to afford Plaintiff a fair opportunity to participate in the municipal towing process;

e. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

  f. Such other and further relief as the Court deems just and proper.

                Respectfully Submitted:

                <u>*/s/ Monte J. Rabner*</u>

                Monte J. Rabner, Esquire
                *Counsel for Plaintiff*
                PA. ID. 68251

                Rabner Law Offices, P.C.
                222 Boulevard of the Allies
                2nd Floor
                Pittsburgh, PA 15222
                Phone: (412) 765-2500
                Fax: (412) 765-3900
                monte@rabnerlaw.com

                <u>*/s/ Fred G. Rabner*</u>

                Fred G. Rabner, Esquire
                *Counsel for Plaintiff*
                PA. ID. 77337

                Rabner Law Offices, P.C.
                222 Boulevard of the Allies
                2nd Floor
                Pittsburgh, PA 15222
                Phone: (412) 765-2500
                Fax: (412) 765-3900
                fred@rabnerlaw.com


                <u>*/s/ Marley J. Nash*</u>

                Marley J. Nash, Esquire
                *Counsel for Plaintiff*
                PA. ID. 335757

                Rabner Law Offices, P.C.
                222 Boulevard of the Allies
                2nd Floor
                Pittsburgh, PA 15222
                Phone: (412) 765-2500
                Fax: (412) 765-3900
                marley@rabnerlaw.com