IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LUNA COLLISION LTD,

                *Plaintiff*,

    v.

CITY OF DUQUESNE, *et al*,

                *Defendants*.

Civil Action No. 2:25-cv-867

Hon. William S. Stickman IV

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

    Plaintiff Luna Collision LTD ("Luna") is a licensed and insured collision repair and towing business located within the City of Duquesne. Luna filed this action on June 23, 2025, against Defendants the City of Duquesne ("the City"), Police Chief Tom Shaw ("Shaw"), and Douglas Sample ("Sample") (collectively, "the City of Duquesne") in both their individual and official capacities. (ECF No. 1). The complaint asserts one claim under 42 U.S.C. § 1983, a violation of the Equal Protection Clause, for what Luna alleges to be his arbitrary and intentional exclusion from receiving municipal towing work. (*Id.*). The City of Duquesne filed a Motion to Dismiss Luna's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), along with a supporting brief. (ECF Nos. 22 and 23). For the following reasons, the motion will be granted.

### I.    STANDARD OF REVIEW

    A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face.

1

*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

## II.    FACTUAL BACKGROUND

Luna has operated a towing and collision repair business, which employs local workers, in Duquesne for approximately 20 years. Luna additionally owns property and pays local taxes within the City. (ECF No. 1, ¶¶ 9–10). The City, through the Duquesne Police Department, refers local towing companies to respond to accidents, disabled vehicles, and impound situations. (*Id.* at ¶ 11). Luna opened its business in 2005 and, since then, has repeatedly sought inclusion in the

2

referral system. Its efforts include: many oral requests to municipal officials, personal attendance at a City Council meeting, submitting a formal application with the assistance of legal counsel, and outreach by counsel to the Duquesne Solicitor. (*Id.* at ¶ 12). Although Luna has made many attempts for the City of Duquesne to use it as a referral, it has never been chosen. Further, Luna alleges that it has never received any written explanation, criteria, or opportunity to challenge or appeal the City of Duquesne's repeated "exclusion." (*Id.* at ¶ 13–14).

Luna states that, "based on information and belief," the City of Duquesne does not have a formal neutral policy that determines the selection of towing providers. Rather, Shaw acts as the decisionmaker and has exclusive discretion over which towing provider is chosen. (*Id.* at ¶ 14). Luna avers that Shaw's "delegation of unreviewable authority is arbitrary, lacks transparency, and is exercised without standards." (*Id.* at ¶ 15). The City of Duquesne similarly states that it has no policy governing the referrals to tow truck providers. Shaw, in his sole discretion, has always referred work to towing companies other than Luna. (ECF No. 23, p. 2). The City of Duquesne uses Leo's Service Center, located in Duquesne, for most of its towing dispatches. (ECF No. 1, ¶16). If Leo's Service Center is not available, there are two towing companies outside of Duquesne it uses for towing dispatch. (*Id.*). Luna offers those other towing companies as comparators, asserting that they are similarly situated because all three companies offer "the same services with comparable equipment, staffing, and qualifications" as Luna. Despite the alleged similarities, Luna insists that it is "categorically excluded." (*Id.* at ¶ 17). According to Luna, the City of Duquesne's referral system has established a pattern and practice of selecting the same businesses for towing referrals, completely excluding it, and has therefore caused it injury. (*Id.* at ¶ 18).

The City of Duquesne, in its brief, states that Luna "is not a licensed salvor, which is necessary for certain towing operations," and although Luna has applied for a license, the City has

yet to act on the application.[1]  (ECF No. 23, p. 2); *See* (ECF No. 1, ¶ 19).  Luna does not dispute

that the City has not authorized it as a licensed salvor.  It claims that the City's failure to respond

to its application is "consistent with the City's broader pattern of stonewalling [Luna's] efforts to

lawfully engage in municipal towing services."  (*Id.* at ¶ 21).  Further, Luna alleges "[u]pon

information and belief, other similarly situated towing companies have not been subjected to this

level of neglect, delay, or silence." (*Id.* at ¶ 22).

## III.  ANALYSIS

42 U.S.C. § 1983 provides plaintiffs with a cause of action against any person who, acting

under the color of state law, deprives another of his or her federal rights, and, under certain

circumstances, the municipal employer and/or supervisor of such a person.  *Karns v. Shanahan*,

879 F.3d 504, 520 (3d Cir. 2018).  A plaintiff must adequately plead two elements to obtain relief

under § 1983: (1) that the plaintiff has suffered a violation of a constitutional right or right secured

by federal law and (2) that the violation of the law and deprivation of the constitutional right was

committed by the defendant, "a person acting under the color of state law."  *Id.*  To survive a

motion to dismiss, a complaint invoking § 1983 must contain sufficient factual allegations

constituting a plausible claim for relief.  It is inadequate if the complaint merely contains

conclusory statements providing speculative claims for relief under § 1983.  *Id.*  Whether the

factual allegations in a complaint are sufficient to state a plausible claim of a constitutional

violation is context-specific—depending on the particular constitutional provision plaintiff alleges

was violated "and the nature of a plaintiff's theory of liability."  *Id.*; *see also Iqbal*, 556 U.S. at

676–79.  As explained below, the City of Duquesne's motion will be granted without prejudice as

---

[1] The City does not have authority over the Application for Certification of Authorization for salvor licenses.  Rather, the Commonwealth of Pennsylvania Bureau of Motor Vehicles governs the authorization process.  (ECF No. 23, p. 10, n.1).

to the equal protection claim under a class of one theory for failure to allege sufficient factual allegations.

### A. Luna's equal protection claim under a class of one theory will be dismissed without prejudice.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. The United States Supreme Court has described this as "a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A plaintiff can, as Luna does, invoke the "class of one" theory to claim that its rights, provided by the equal protection clause, have been violated. *Hill v. Borough of Kutztown*, 455 F.3d, 255, 239 (3d Cir. 2006). A plaintiff will prevail under a class of one theory if he demonstrates that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment. *Id; see also Newark Cab Assoc. v. Newark*, 901 F.3d 146, 156 (3d Cir. 2018) (recognizing that, in a class of one equal protection claim, the plaintiff must allege that he has been intentionally treated differently from others similarly situated and that "there was no rational basis for the difference in treatment"). When a plaintiff alleges a violation of equal protection through disparate treatment as a class of one, the intentionally different treatment must be "irrational and wholly arbitrary." *Eichenlaub v. Twp. of Indiana,* 385 F.3d 274, 286 (3d Cir. 2004) (citation omitted).[2]

---

[2] Luna alleges, "This ignored application further evidences the City's intentional disparate treatment and underscores that Plaintiff is being irrationally singled out without justification or process." (ECF No. 1, ¶ 23).

1.  *Other towing companies are similarly situated to Luna.*

Luna asserts that it has come forth with sufficient similarly situated comparators. The United States Court of Appeals for the Third Circuit has explained, "[t]o be 'similarly situated,' parties must be alike in all relevant aspects.'…At the motion to dismiss stage, [plaintiff] must allege facts sufficient to make plausible the existence of such similarly situated parties." *Perano v. Twp. Tilden*, 423 F. App'x. 234, 238 (3d Cir. 2011) (quoting *Startzell v. City Phila.*, 533 F.3d 183, 203 (3d Cir. 2008)). Luna names three towing companies – Leo's Service Center ("Leo's"), Nickolich Towing, and Mac's Auto Service – that are allegedly similarly situated and favored by the City of Duquesne. Luna maintains it "offers the same towing services with comparable equipment and qualifications, while being *more* proximate" due to its location within Duquesne. (ECF No. 26, p. 6).

The City of Duquesne contends that Luna's proffered comparators "are not alike in all relevant aspects" as is necessary to state a plausible claim. (ECF No. 27, p. 4). It contends that Luna is distinct because it "is less qualified than the other companies as it does not possess a Certificate of Authorization as a licensed salvor, which is required for many towing services." (*Id.*). Further, despite Luna's claim that it is closer in proximity than the other companies for purposes of comparison, the City of Duquesne claims that Leo's is also located in Duquesne. (*Id.*). Leo's additionally receives the majority of the City of Duquesne's referrals, while the other two named comparator companies only receive work if Leo's is unavailable. (*Id.*).

At this stage of proceedings, it is not required for the plaintiff "to show that [comparators] are identical in all relevant respects but only that they are alike." *Eiswerth v. Lackawanna Cnty. Sheriff's Dep't.*, No. 3:24-CV-01214, 2025 WL 510971, at *5 (M.D. Pa. 2025) (citing *Startzell*, 533 F.3d at 203). Determining whether a comparator is similarly situated to the plaintiff is a case-

by-case fact intensive inquiry. Although Luna is not identical to the named towing companies, its factual assertions at this stage are sufficient to plausibly plead that it is similarly situated in all relevant aspects. *See Mike's Auto Repair & Sales, Inc. v. German Twp.*, No. 2:22-cv-00392, 2022 WL 6785786, at *3 (W.D. Pa. 2022) (finding that plaintiff pled sufficient facts to establish that it is similarly situated to Arnold's Towing. Specifically, "Mike's Auto contends that it is like Arnold's Towing in relevant respects because both are towing companies that operate within the Township, pay taxes to the township, and are included on the Township's tow list."). Luna can perform the same functions as its named comparators (other than salvage work), and they are all located in or near Duquesne. The Court holds that the first prong for a class of one theory has been adequately pled.

> 2. *Luna has not pled adequate facts to infer that it was intentionally treated differently.*

It is not enough for a plaintiff to solely allege similarly situated comparators to state a plausible claim under the class of one theory. A plaintiff must demonstrate that the defendant intentionally treated him differently from those that are similarly situated. He must "provide evidence of a discriminatory purpose, not mere unequal treatment or adverse effect." *Jewish Home E. Pa. v. Ctrs. for Medicare & Medicaid Servs.*, 693 F.3d 359, 363 (3d Cir. 2012) (citation omitted). A plaintiff must show that 'the decisionmaker … selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects." *Wayte v. United States,* 470 U.S. 598, 610 (1985) (quotation marks omitted). Luna asserts that it has endured "twenty years of categorical exclusion from municipal referrals notwithstanding persistent requests, a City Council appearance, counsel's outreach, and a formal application, while the City repeatedly called the same favored providers, including two based outside Duquesne." (ECF No. 26, p. 5). It is Luna's position that "[f]rom those facts, intent is a reasonable inference." (*Id.*).

7

The United States Court of Appeals for the Third Circuit, in *Phillips v. Cnty. Allegheny*, 515 F.3d 224, 244 (3d Cir. 2008), held that "general accusations" of wrongful conduct without specific facts in a plaintiff's complaint alleging intentional differential treatment are not enough. Similarly, the United States District Court for the Middle District of Pennsylvania adopted the *Phillips* framework where the plaintiff's accusations consisted of general assertions that defendant's conduct was improper or egregious, thus in violation of the Equal Protection Clause. *Hain v. DeLeo*, No. 1:08-cv-2136, 2010 WL 4514315, at *12 (M.D. Pa. 2010) (noting, in response to the plaintiff's general accusations that defendants' actions were improper or egregious, "even construing the complaint in a light most favorable to Plaintiffs, there are no allegations stating or even fairly suggesting that [Plaintiff] was treated differently from other similarly situated individuals. The allegations at most raise inferences about Defendant's misconduct…"). The Court holds that Luna's complaint does not provide enough facts to support its claim that it was intentionally treated differently than others.

Factual allegations that only raise an inference of intentional differential treatment are not enough. Luna only states that the City of Duquesne's actions raise an inference of intent. (ECF No. 26, p. 5). It asserts that it has been continuously left off the City of Duquesne's "tow list;" however, the City of Duquesne maintains that it does not have a tow list. Further, Luna has not articulated facts beyond its general assertions that it was treated differently from the named towing companies. The only difference it asserts is that Luna has allegedly been continuously overlooked as a referral while the other companies have been chosen. But Luna has not provided any specific examples, occasions, or circumstances of this alleged differential treatment. *See Young v. New Sewickley Twp.*, 160 F. App'x 263, 266 (3d Cir. 2005) (holding that plaintiffs must allege "occasions or circumstances" showing differential treatment rather than conclusory statements of

claims). Luna has not alleged facts that indicate intent on behalf of the City of Duquesne that could lead the Court to infer that the City of Duquesne exercised anything more than discretion in choosing towing providers.

   3. *Luna has not adequately pled the absence of a rational basis for the alleged difference in treatment.*

In addition to alleging that the defendant has intentionally treated the plaintiff differently from others similarly situated, the plaintiff must also allege that "there was no rational basis for the difference in treatment." *Newark Cab Ass'n*, 901 F.3d at 156. The Third Circuit stated, at the motion to dismiss stage, if there is "any reasonably conceivable state of facts that could provide a rational basis" for differential treatment, the plaintiff has failed to allege an equal protection claim. *Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 344 (3d Cir. 2004) (holding plaintiff failed to plead an equal protection violation because plaintiff only provided a "bare legal conclusion" that defendants had an "unreasonable, arbitrary and capricious requirement to practice, play and compete in interscholastic basketball" for cyber students. Specifically, there was not a suspect classification, no fundamental constitutional right existed, and the defendants put forth a rational basis for the requirements to participate in extracurriculars). As held by the Third Circuit in *Rucci v. Cranberry Twp., Pa*, 130 F. App'x 572, 575 (3d Cir. 2005), rational basis review grants the challenged practice a presumption of rationality; however, that presumption "is in tension with the liberal pleading standard" of a Rule 12(b)(6) motion to dismiss. The Third Circuit further found that in an effort "[t]o accommodate both interests, we accept as true all of the complaint's allegations, including all reasonable inferences that follow, and assess whether they are sufficient to overcome the presumption of rationality" given to the challenged practice. *Id.* at 576.

The United States District Court for the Eastern District of Pennsylvania provided guidance for rational basis review at this stage:

> [w]hen supporting facts are provided, an allegation that conduct by the defendants was 'arbitrary and wholly irrational' can be sufficient to withstand a motion to dismiss…A Motion to Dismiss may similarly be denied where the defendant does not argue the existence of a legitimate government interest to explain the difference in treatment, one is not evident from the complaint or other admissible documents, and the plaintiff has sufficiently alleged differential treatment with a similarly situated individual.

*Prof'l Dog Breeders Advisory Council, Inc. v. Wolff*, No. 08-4233, 752 F. Supp. 2d, 588 (E.D. Pa. 2010) (internal citations omitted).  If it is clear from the face of a plaintiff's complaint that defendants had a rational basis for the alleged differential treatment, a district court cannot find that a plaintiff adequately pled a class of one equal protection claim.  *Id.* at 630–31, (finding that, despite plaintiff insisting there was no rational basis, the facts alleged in the complaint clearly demonstrated a rational basis for defendant's conduct, so the Court granted the motion to dismiss).

Luna states that the City of Duquesne's "complete absence of standards or criteria, the delegation of unchecked referral power to a single official, and a pattern of excluding an in-City provider while favoring out of City business" constitutes evidence of plausible allegations of arbitrariness.  (ECF No. 26, p. 5).  The City of Duquesne asserts that Luna is less qualified than other towing companies because it "does not possess a Certificate of Authorization as a licensed salvor, which is required for many towing services."  (ECF No. 27, p. 4).  Although the City of Duquesne provides that the salvor qualification is not necessary for all towing referrals, it maintains that "it would be rational for a municipality to utilize other companies that have this capability if needed."  *Id.*  The Court finds that the City of Duquesne's rationale provides a "reasonably conceivable state of facts that could provide a rational basis" for choosing other towing companies over Luna. *Tucker Indus. Liquid Coatings, Inc. v. Borough E. Berlin*, 656 F. App'x. 1, 7 (3d. Cir. 2016).

In *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 602–04 (2008), the Supreme Court noted that discretionary decisions do not suffice to state a class of one claim. It held that "treating like individuals differently is an accepted consequence of the discretion granted" and if those discretionary decisions could be challenged "based on the arbitrary singling out of a particular person" it would hinder the state officials' discretionary decision making which they were entrusted with as part of their duties. *Id.* at 605. A district court must assess whether a defendant is "exercising discretionary authority based on subjective, individualized determinations" or whether the defendant's actions were a departure from a "clear standard" when making the decision at issue. *Id.* at 602.

Notably, in *Mary Beth's Towing LLC v. Borough of Brownsville*, No. 2:16-CV-00452, 2018 WL 1784556 (W.D. Pa. 2018), the district court applied the holding in *Engquist* to settings outside the scope of government employment, such as "to the government's treatment of contractors." *Id.* at *8. The district court held that defendant's use of discretion to determine the order in which it called approved towers for service was appropriate: "the Borough was simply exercising discretion based on a subjective assessment of the towers' respective abilities to provide efficient service." *Id.* at *9. It found that the plaintiff did not establish the required showing of intentional treatment nor irrational and arbitrary decision making, and thus failed to allege a plausible Fourteenth Amendment claim. *Id.* Although Luna argues that Mary Beth's Towing is inapplicable to this case because it was decided on a motion for summary judgment, the analysis in *Mary Beth's Towing* is informative for the Court's assessment. In *Mary Beth's Towing*, the plaintiff showed that it was a pre-approved tower and that there was an existing rotation procedure.

Considering the facts pled by Luna in its complaint and the nature of the alleged constitutional violation, Luna fails to state a plausible claim under the class of one theory. Luna

has not pled facts evidencing that it was ever guaranteed towing referrals, that there is an existing policy that would have entitled Luna to receive referrals from Shaw, that a contractual agreement exists between the City of Duquesne and Luna, or that legal authority exists which would otherwise restrict how the City of Duquesne may determine which towing companies receive referrals. And Luna alleges no facts that demonstrate the existence of any procedure necessary to establish Shaw's intentional differential treatment towards Luna.

4.  *Leave to amend will be granted.*

Luna requests leave to amend. A complaint subject to a Rule 12(b)(6) motion to dismiss must be given the opportunity by the Court to amend the complaint "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. Although Luna states that it has made various efforts to be included as a towing referral for the City of Duquesne, it has not articulated any specific actions taken by the City of Duquesne that would support its class of one claim. Luna has sufficiently pled the existence of similarly situated towing companies, but without pleading the other two essential factors, its claim, as it currently stands, fails. The Court will permit Luna to amend its equal protection claim under the class of one theory.

**B. Luna has not met the *Monell* pleading requirements, thus the Court will dismiss its claim against the City without prejudice.**

The first consideration with a *Monell* claim is whether a plaintiff has "identif[ied] the exact contours of the underlying right said to have been violated" and "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (*en banc*) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). A municipality may not be sued under § 1983 under the theory of *respondeat superior*. However, the municipality may be responsible under § 1983 for injuries caused by its employees or agents when they are executing the municipality's policy or customs, "whether made by its lawmakers or those whose

acts may fairly be said to represent official policy." *Monell v. Dep't Soc. Servs. NY*, 436 U.S. 658, 695 (1978). Further, municipal entities can only be held liable under § 1983 when a Constitutional violation is caused by: (1) an express official municipal policy; (2) a custom created by a settled, widespread practice, that although is not authorized by written law and is not an express official policy is "so permanent and well settled as to constitute a custom or usage," thus carrying the force of law; or (3) a decision made by a person with final decision making and policymaking authority.[3] *City of St. Louis v. Praptonik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 469, 481–83 (1970)). Additionally, a municipality may be held liable under § 1983 when a plaintiff demonstrates that, through "*deliberate* conduct," the municipality's policy was executed, enforced, and was the "'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 400 (1997) (citing *Monell*, 436 U.S. 694).

As noted in the previous section, Luna has not pled a violation of a constitutional right as is required under *Monell*. The Court agrees with the City of Duquesne that the constitution does not provide a protected right to receive towing referrals from the City of Duquesne. Given that it is allowing amendment of the underlying constitutional claim, the Court will also allow Luna to amend its *Monell* claim. In addition to failing to adequately plead a violation of a constitutional right, Luna has neither pled the existence of a particular policy or custom, or sufficiently alleged that the City's actions led to a constitutional violation.

---

[3] "Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000) (quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996)). It also can be made where an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes," *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). Customs are "'practices of state officials ... so permanent and well settled' as to virtually constitute law." *Berg*, 219 F.3d at 275 (citations omitted).

Luna and the City of Duquesne agree that no explicit policy exists for purposes of choosing towing company referrals. (ECF No. 1, ¶ 14); (ECF No. 23, pp. 1, 2). The Third Circuit has held, however, that the plaintiff need not identify a formal or express municipal policy that caused direct injuries. *Bielevicz v. Dubinon*, 912 F.2d 845, 851 (3d Cir. 1990). "Instead, to sustain a § 1983 action against the city, plaintiffs must simply establish a municipal custom coupled with causation—i.e., that policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to their injury." *Id.* Further, the plaintiff must show that the municipal official that is responsible for the alleged constitutional violation had the power to create the municipal policy. *Id.* at 850.

Luna claims that Shaw has the ultimate "unreviewable" referral authority and discretion regarding which towing companies the City of Duquesne utilizes. (ECF No. 1, ¶ 15). It contends that the City of Duquesne "has established a pattern and practice of selecting the same limited group of towing companies for municipal calls while systematically excluding Plaintiff despite his qualifications." (*Id.* at ¶ 37). Further, Luna claims "[a]s a direct and proximate result of Defendant's actions, Plaintiff has suffered economic damages, reputational harm, and lost municipal business opportunities." (*Id.* at ¶ 38).

Simply stating that Shaw is a policymaker is not sufficient when the allegations fail to either link an offending policy or custom to him or sufficiently articulate the specifics of a deliberate decision made by him. As pled, the towing referral decisions are made solely by Shaw. No facts are pled that show, in the absence of a policy, that Shaw made any deliberate decisions in refusing to use Luna for towing referrals. And although Sample is the City Manager of the City of Duquesne, Luna has not alleged any specific evidence that he is a policymaker as it relates to the issue of towing referrals.

Furthermore, the mere allegation that Shaw's decision to exclude Luna from municipal towing referrals "established a pattern and practice of selecting the same limited group of towing companies for municipal calls while systematically excluding Plaintiff despite his qualifications" fails to establish a policy. (ECF No. 1, ¶¶ 36–37). In the absence of a policy, Luna must establish that the City's towing referral practice was a custom. *Bielevicz*, 915 F.2d at 851. Although Luna alleges the City has a pattern and practice of towing referral selections, there exists no 'affirmative link' between that conduct and a violation of Luna's constitutional right. *Id.* (finding that a custom is established where "policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to their injury"). Luna's complaint does not allege that the City of Duquesne was made aware of its alleged unlawful conduct and nevertheless continued to act.

Luna's complaint does not sufficiently allege municipal liability for the City of Duquesne under *Monell*. The Court will grant leave to amend.

### C. The claims against Shaw and Sample in their official capacities will be dismissed with prejudice.

The official capacity claims against Shaw and Sample will be dismissed with prejudice. When a plaintiff sues an appropriate governmental unit, official-capacity suits should be dismissed as redundant. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Further, in *Monell*, the Supreme Court stated, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* (citing *Monell*, 436 U.S. at 690, n.55). Luna names the City along with Shaw and Sample as defendants. The claims against the individual defendants in their official capacity must be dismissed because Luna has also sued the City.

IV.     CONCLUSION

The motion to dismiss will be granted for the foregoing reasons of law and fact. Luna will

be afforded the opportunity to amend its complaint as to its equal protection and *Monell* claims.

An Order of Court will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

Dated _11/12/25_